HENRY WISNER

v.

THE CITY OF CHICAGO.

CONTRACT OF PURCHASE—FAILURE OF CONDITION—RECOVERY OF PUR-CHASE MONEY.—Where the plaintiff entered into a contract to purchase land of the city, and paid thereon $1,000, with the condition that if the city failed to show a good title to the land, the money was to be returned to him, he may, on failure to show a good title, recover back the money so paid, under the common counts. The fact that the plaintiff subsequently bought in an outstanding title to the land of a third person, will not affect his right of recovery against the city.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed April 27, 1880.

This was an action of assumpsit by Wisner against the City of Chicago, upon the common counts for money had and received. The case was tried by the court without a jury, and finding and judgment for defendant, and plaintiff brings the case to this court by appeal.

The evidence is preserved by bill of exceptions, from which it appears that in May, 1873, the plaintiff let the defendant have one thousand dollars, under the following agreement in writing.

"CITY COMPTROLLER'S OFFICE,
             CHICAGO, May 26th, 1873.

"Received of Henry Wisner, one thousand dollars on account of purchase money of undivided half of southwest quarter of section 11, township 37, range 14, east of 3d P. M.; agreed by him to be purchased of the city of Chicago, at $350.50 per. acre, payable one-fourth cash, and the balance in three equal annual payments, with 8 per cent. interest annually;

Wisner v. City of Chicago.

*provided the abstract to be furnished by the city shows a good title in the city;* in which case the said Wisner is to pay immediately the balance of the first payment and execute the usual notes, secured by deed of trust on said property for the deferred payments. In case of his failure to make the balance of said cash payment and execute the notes and deed of trust when required to do so, the above $1,000 shall be forfeited to the city as liquidated damages. It is understood that the above is subject to the concurrence of the common council of the city of Chicago. *If the abstract shall not show a good title in the city, the $1,000 to be returned to said Wisner.*

"H. H. BURLEY, City Comptroller.
"HENRY WISNER."

It appears from the undisputed testimony, that the city, under this agreement, furnished plaintiff with an abstract of title, admitted on the trial by defendant's counsel to be the only one the city ever had. This abstract, it is conceded by defendant's counsel, fails to show a good title to the premises in defendant. There was no transfer of possession to plaintiff, and the latter, immediately upon ascertaining the defectiveness of the abstract, notified the comptroller, and demanded back the money paid, which has never been re-paid.

On behalf of defendant, evidence was given tending to show that afterwards, and in July, 1873, plaintiff caused the outstanding title to be purchased for his benefit, for the consideration paid to a third party, of one thousand dollars.

The only question presented by the record is, whether, under these circumstances, the action for money had and received will lie to recover back the money so paid by plaintiff to defendant.

Mr. T. L. HUMPHREVILLE, for appellant, upon the right to recover, cited Smith v. Lamb, 26 Ill. 396; Shipherd v. Underwood, 55 Ill. 475.

Mr. R. W. RICABY, for appellee; that a vendor is entitled to a reasonable time in which to perfect title, cited More v. Smedburg, 8 Paige, 600; 1 Hilliard on Vendors, 220; Chamberlain v. Lee, 10 Sim. 445.

A purchaser may not deprive a vendor of his right to perfect title by forestalling him: Westall v. Austin, 5 Ired. 1.

Nor can he use information derived from the abstract of title for his own advantage adversely to his vendor: Murrell v. Goodyear, 2 Giff. 51.

A purchaser after taking a deed, and going into possession, cannot rescind the sale at once, but the vendor has the right to mend his title: Kindley v. Gray, 6 Ired. 445.

McALLISTER, J. A careful attention to the public nature of this case has brought us to the conclusion that the plaintiff's right of recovery does not depend upon the whole principles *in toto* as are applicable to such an action, where the purchaser seeks to recover back money paid under an absolute contract for the sale and purchase of real estate, on the ground that he is not in default, and the contract has been rescinded; for here the contract was not an absolute one, but a mere conditional one. The agreement of the plaintiff to pay the purchase price for the land was upon the express condition that the abstract of title to be furnished him by the defendant should show a good title in defendant. Then, at the close, it contains this further condition: "If the abstract shall not show a good title in the city, the $1,000 to be returned to the said Wisner."

The abstract of title furnished by the city fails to show good title. This is not disputed. Under this state of case, nothing was required on the part of plaintiff to complete his right of recovery but to notify the comptroller of the defect and his refusal to accept the title, as shown by the abstract, within a reasonable time. This he did, and demanded back the money paid. Surely nothing can be clearer than that the retention of the money by the defendant, under these circumstances, was against equity and good conscience, irrespective of its express stipulation to pay it back in case the abstract to be furnished by the defendant failed to show it had a good title to the premises bargained for, for the law would impose the same duty without it. That principle was fully recognized in the case of Towers v. Barret, 1 Term R. 133. There the plaintiff sued to recover back ten guineas which he had paid the defendant on a

purchase of a chaise and harness, which was subject to the condition that plaintiff might return them to defendant in case his (plaintiff's) wife did not approve of it. The wife disapproved, and at the end of three days plaintiff returned the property by leaving it on defendant's premises without his consent, and demanded back the money paid. The court held the contract of purchase was conditional, not absolute; and that on the disapproval by his wife the plaintiff had the right by the very terms of the contract, and without regard to whether the defendant assented or not to return the property to defendant; and that such return put an end to the contract, so that the defendant thereafter retained the money paid by plaintiff against equity and good conscience, and the action for money had and received would lie to recover it back. Gillett v. Maynard, 5 Johnson R. 85; 1 Chit. Pl. 356; Boston v. Clifford, 68 Ill. The city received the plaintiff's money without consideration; it therefore holds it *ex æquo et bono* for the plaintiff. Broom's Leg. Max. 63.

Under the particular circumstances of this case, we think the fact, if ever so clearly shown, that the plaintiff subsequently, and in July, 1873, was interested or instrumental in causing the outstanding title to the premises, to be purchased from him who was the holder of it in May of that year, when the contract in question was made, could constitute no legal bar to to plaintiff's right to recover back the thousand dollars paid the defendant under such condition of contract. For the reasons given, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.